IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 MAY 20  PM 1:47

JEFFREY P. COLWELL
         CLERK

BY_____DEP. CLK
```

Civil Action No. 13-cv-00902 WYD-MEH

VOLTAGE PICTURES, LLC,

    Plaintiff,

v.

DOES 1-11

    Defendants.

---

## MOTION TO QUASH PLAINTIFF'S SUBPOENA AND DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING

---

Defendant DOE identified by IP address 70.59.198.45 on 2/02/13 at 12:34:31 UTC ("Defendant"), through undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(1), hereby moves to quash Voltage Pictures, LLC's Subpoena and dismiss the Complaint for lack of standing. In support thereof, Defendant states as follows:

**I PROCEDURAL & FACTUAL HISTORY**

In April of 2013, Voltage Pictures, LLC ("Plaintiff"), filed the present action alleging statutory Copyright Infringement claims for, "Maximum Conviction" and other works. The Plaintiff further sought for discovery to ascertain the identities of the defendant "John Doe" parties, identified only by their IP address. The Plaintiff, by filing this action, stated that they are in fact the "owner" of "Maximum Conviction" and any other work they file for relief against at the time this action was filed as the Copyright Act provides that only "[t]he legal or beneficial

1

owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement..." 17 U.S.C. § 501(b).

## II. LEGAL ARGUMENT.

### A. VOLTAGE PICTURES LACKS STANDING TO PROSECUTE THIS ACTION BECAUSE IT DOES NOT OWN THE WORKS IN THE COMPLAINT

Ownership of the copyright allegedly infringed is an essential element of a copyright infringement claim. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009). Plaintiff bears the burden of proof on ownership. *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). A finding of invalidity of copyright registrations for any reason provides a sufficient basis for a determination of "no infringement." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 109 (2nd Cir. 2002) ("Based on the evidence in this case, the jury could have reasonably concluded that the copyright registrations were invalid because Modlin was not an author of FormFree or Superbill Express or because the copyright registrations contained material inaccuracies.").

The Complaint alleges in conclusory fashion that plaintiff owns the Copyright in Maximum Conviction and attaches an Assignment of Copyright Interest. However, the statements are at odds with the facts. It may be judicially noticed that the Assignment of Copyright Interest appended to the Complaint is undated, and therefore, fatally defective as a valid and legal assignment of rights and unenforceable as a conveyance of any exclusive right to a work.

It may also be further argued, that since Voltage has only obtained a partial right to petition for copyright infringement and for no other purpose, and further that the Plaintiff has failed to include any additional documents indicating it's role in production of the work, Voltage was completely separate from the creative process of producing the films in question.

### B. VOLTAGE PICTURES CANNOT RECREATE OR CURE STANDING

Plaintiff cannot retroactively obtain the right to sue for prior infringement by altering the rights it owns once suit has been filed. *Hoehn*, 792 F. Supp. 2d at 1147; *Democratic Underground*, 791 F. Supp. 2d at 974. "The existence of federal jurisdiction ordinarily depends on the facts <u>as they exist when the complaint is filed</u>." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4 (1991), *quoting Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 823, 830 (1989) (emphasis in *Lujan*). Article III standing is a jurisdictional requirement that cannot be waived and may be brought up at any time in the proceeding. *Zurich* at 531; *United States v. Blanco*, 844 F. 2d 344, 349, n.4 (6th Cir. 1988); Fed. R. Civ. P. 12(h)(3).

Since the record reflects that Voltage Pictures did not own an exclusive right to Maximum Conviction at the time of filing it's Complaint, Voltage is presently unable to obtain the rights necessary to cure this defect of it's filing. Court's may allow parties to amend defective allegations of jurisdiction, it may not allow the parties to amend the facts themselves. *Newman-Green, Inc. v. Alfonzo- Larrain*, 490 U.S. 826, 830 (1989)). Thus, there is no risk of Plaintiff amending this assignment to cure its defects; as Voltage Pictures lacked Article III standing at the time of filing; it has no means to resuscitate its case. *See Id.*

### D. THIS CASE IS RIPE FOR SUMMARY ADJUDICATION

Based on these fatal defects, Defendants believes that the current motion is ripe for summary adjudication. *See Righthaven LLC v. Wolf*, 813 F. Supp. 2d at 1267(converting Defendant's Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment because Plaintiff's claim of federal copyright infringement were intertwined with the jurisdictional issues raised in Defendant's moving papers.)

**WHEREFORE**, Defendant respectfully requests that:

1. This Court issue an order to quash the subpoena issued by the Plaintiff(s);

2. This Court issue an order finding that Plaintiff(s) lack standing and dismissing this case;

3. Plaintiff be required to send a copy of such order(s) to each current Defendant, putative DOE, as well as all putative Defendants that previously settled any claims with Plaintiff;

4. All Copyright actions brought by Voltage Pictures in this District be dismissed pending a show cause order to establish proper standing;

5. Each Defendant be declared the prevailing party and be awarded fees and costs pursuant to Section 505 of the Copyright Act. See *Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1271 n.2 (D. Colo. 2011) (awarding attorney's fees after dismissing Plaintiff's copyright claims for lack of standing "to discourage the abuse of statutory remedies for copyright infringement."); and

6. Any and all other relief this Court deems appropriate.

Respectfully submitted on May 17th, 2013.

By     /s/ Brent Mecham
**Brent Mecham**
**Brent Mecham, Attorney at Law**
P.O. Box 200475
Denver, CO 80220
Ph. (303) 923-3540
Fx. (303) 923-3540
mechamatty@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17th, 2013, a true and correct copy of the foregoing MOTION was served via the CM/ECF system to the following:

Scott T. Kannaday (Counsel for Plaintiff)
Brown and Kannaday, LLC
2000 S Colorado Blvd, Suite 2-610
Denver, CO 80222

All other attorneys of record in this case

DATED: May 17th, 2013

By     s/ Brent Mecham
        Brent Mecham
        Brent Mecham, Attorney at Law
        P.O. Box 200475
        Denver, CO 80220
        Ph. (303) 923-3540
        Fx. (303) 923-3540
        mechamatty@hotmail.com